UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN (Green Bay)

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                Case No. 17-CR-00077-WCG-2

JAMES W. ALLEN,

        Defendant.

## DEFENDANT'S MOTION TO CORRECT SENTENCE PURSUANT TO RULE 35(a)

The defendant, James W. Allen, by attorney Thomas G. Wilmouth, pursuant to Fed. R. Crim. P. 35(a) to correct a sentence reflected in the judgment of conviction that resulted from clear error.

As grounds therefore, counsel states the following:

1.    Rule 35(a) establishes that a court may correct a sentence within 14 days of sentencing for an arithmetical, technical, or other clear error. *United States v. Schenian*, 847 F.3d 422, 424 (7th Cir. 2017) [main function of Rule 35(a) is to allow district judges to fix errors that otherwise would be bound to produce reversal.

2.    On October 31, 2018, the Court sentenced Allen to 112 months imprisonment. [R. 324]. That sentence was eight (8) months less than the statutory mandatory minimum sentence based upon the service by Allen of a discharged term of imprisonment in a state case while awaiting disposition of this matter. [R. 318]. *See*

*United States v. Hill,* 187 F.Supp.3d 959 (N.D. Illinois, 2016). The discharge date in the state case was November 6, 2017 [PSI: ¶ 80; R. 310: 21-22]. After that date, the defendant was in exclusive federal custody. [PSI: Face sheet].

3. The judgment in this case indicates that "service of this sentence commences on October 31, 2018." [R. 324: 2]. That was not the sentence imposed by the Court. The Court would have no reason to make such a finding in Allen's case. The provision that the sentence is to commence October 31, 2018 was applied by the Court to the sentence of co-defendant Christopher Howard, sentenced immediately prior to Allen, in order to run his sentence concurrent to a state sentence being served. [R. 317]. The condition of commencement date for service of the federal sentence, however, is not set forth in Christopher Howard's judgment. [R.322]. Counsel for Allen believes the provision "service of this sentence commences on October 31, 2018" was mistakenly made part of his judgement rather than that of co-defendant Christopher Howard.

4. This error in the judgment of Allen matters because it may affect the calculation of sentence credit to be made by the federal Bureau of Prisons (BOP) pursuant to 18 U.S.C. §3585(b) [credit for prior custody]. *United States v. Ross,* 219 F.3d 592, 594 (7th Cir. 2000) [It is the Bureau of Prisons, not the sentencing court, that determines sentence credit under 18 U.S.C. § 3585(b)].

5. The relief that the defendant requests is to remove from his judgment the language concerning the commencement date of the sentence, leaving to the BOP the calculation of credit for prior custody.

6. On the date the judgment was filed, counsel filed a letter with the Court concerning the complained of error in the judgment. [R. 326]. This motion is filed in case the letter is not construed as a Rule 35(a) motion to correct sentence and to ensure compliance with the 14-day after sentencing requirement set forth therein.

7. Counsel has not learned whether Assistant United States Attorney William J. Roach objects to the relief requested.

Dated at Green Bay, Wisconsin on November 14, 2018.

Respectfully submitted,

/s/ Thomas G. Wilmouth
Thomas G. Wilmouth
WI Bar No. 1011746
P.O. Box 787
Green Bay, WI 54305
[715] 525-1685   Telephone
[715] 598-6208   Facsimile
tom.wilmouth@gmail.com